THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* GARY E. GULLEY, Defendant-Appellee.

Fifth District   No. 82—191

Opinion filed December 22, 1982.

David W. Hauptmann, State's Attorney, of Harrisburg (Stephen E. Norris and Robert C. Cook, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Bruce D. Stewart, of Nelson & Stewart, of Harrisburg, for appellee.

JUSTICE KASSERMAN delivered the opinion of the court:

This is a State appeal from an order granting a motion by defendant, Gary Gulley, to suppress evidence. Defendant was charged by information with unlawful possession of a controlled substance, pentobarbital.

The facts are undisputed. On September 17, 1981, at approximately 3:17 a.m., Deputy James Wheatcroft and Special Deputy Joey DeNeal of the Saline County sheriff's department were patrolling in their squad car in the city of Harrisburg, Illinois, when they observed a vehicle traveling at a high rate of speed on the wrong side of the street on Jackson Street. The officers pursued the vehicle for a few blocks. They then observed the vehicle turn east on Towle Street, travel approximately one-half block, and stop. The officers next observed defendant exit the driver's side of the vehicle, stumble and nearly fall. Deputy Wheatcroft smelled alcohol on defendant's breath and observed that defendant's eyes appeared glassy. Defendant was then placed under arrest for driving under the influence of intoxicating liquor.

Deputy Wheatcroft advised defendant that he was going to be transported to the county jail and that he could either leave his vehicle and have it towed in or allow Special Deputy DeNeal to drive the vehicle to the county jail. Defendant indicated that he would allow Special Deputy DeNeal to drive his vehicle and handed the keys to Of-

ficer DeNeal. Deputy Wheatcroft then drove defendant to the Saline County jail in the police squad car, and Special Deputy DeNeal drove defendant's vehicle there.

At the county jail, Deputy Wheatcroft proceeded to book defendant, advised him of his rights, and requested that he submit to a breathalyzer test. After calling an attorney, defendant agreed to take the breathalyzer test. At no time subsequent to his arrest was defendant allowed access to his vehicle.

While Special Deputy DeNeal was getting out of defendant's vehicle after driving it to the county jail, he kicked something on the floorboard. He related that he picked up the object, which was an opaque black plastic cannister. Officer DeNeal shook the bottle and heard a rattling noise. Officer DeNeal said he opened the container out of "curiosity" and because he, in his capacity as dispatcher for the sheriff's office, "got some calls from a subject advising *** me that [defendant] and another subject *** were selling drugs." Special Deputy DeNeal discovered that the bottle contained pills which subsequently were identified as pentobarbital, a barbiturate.

Special Deputy DeNeal, after finding that the container on the floor of defendant's vehicle contained pills, replaced the lid on the container and put it back where he had found it. He then went into the county jail and upon his first opportunity, advised Deputy Wheatcroft of what he had found. By that time, Deputy Wheatcroft had administered a breathalyzer test to defendant, which showed that defendant had .08% by weight of alcohol in his blood. Deputy Wheatcroft and Special Deputy DeNeal then left the county jail building, went to defendant's automobile, and retrieved the bottle containing the pills.

The trial court's order stated, *inter alia*, that: (1) at the time of the search by Special Deputy DeNeal, there was no probable cause to justify a warrantless search of defendant's vehicle; (2) the search was not justified under the automobile exception to the warrant requirement "for the reason that at the time of the search the Defendant did not have access to the vehicle, did not even have the keys to the vehicle, and due to his arrest for driving while under the influence of intoxicating liquor would not have been allowed access to the vehicle that evening"; and (3) the search was not incident to arrest "because the search was conducted outside the presence of Defendant, the area searched was not within the immediate control of the Defendant, and the officers testified that at the time of the search they were not in any way in fear for their safety."

There are two issues presented for review: (1) whether there was

probable cause to search the container found in defendant's car; and (2) whether the search of the container was incident to arrest.

The State argues that because there was probable cause to search defendant's vehicle, the police, under *United States v. Ross* (1982), 456 U.S. 798, 72 L. Ed. 2d 572, 102 S. Ct. 2157, could search the container found inside the automobile. It is argued that the following factors gave rise to probable cause which justified a search of the container discovered by Special Deputy DeNeal: (1) defendant was intoxicated when arrested; (2) the container was suspicious because it was opaque, not labeled, and it rattled when it was shaken; and (3) the container was found on the floorboard of the automobile, which suggests that it was deliberately hidden.

Defendant responds that there was no probable cause to search the container found in defendant's automobile and, therefore, under *Ross*, the search was prohibited. We agree with defendant.

The trial court's decision regarding a defendant's motion to suppress will not be disturbed unless it is found to be clearly erroneous. (*People v. Clark* (1982), 92 Ill. 2d 96, 99, 440 N.E.2d 869, 871.) In *Clark*, our supreme court summarized the applicable law as follows:

> "It is well recognized that a warrantless search of an automobile may be permissible where the searching officer has probable cause to believe that the vehicle contains contraband. (See *United States v. Ross* (1982), 456 U.S. 798, 72 L. Ed. 2d 572, 102 S. Ct. 2157; *Colorado v. Bannister* (1980), 449 U.S. 1, 66 L. Ed. 2d 1, 101 S. Ct. 42; *Chambers v. Maroney* (1970), 399 U.S. 42, 26 L. Ed. 2d 419, 90 S. Ct. 1975; *Carroll v. United States* (1925), 267 U.S. 132, 69 L. Ed. 543, 45 S. Ct. 280.) To establish probable cause to search it must be shown that the totality of the facts and circumstances known to the officer at the time of the search would justify a reasonable person in believing that contraband was present in the automobile. (*United States v. Ross* (1982), 456 U.S. 798, 72 L. Ed. 2d 572, 102 S. Ct. 2157; *Colorado v. Bannister* (1980), 449 U.S. 1, 66 L. Ed. 2d 1, 101 S. Ct. 42; *Carroll v. United States* (1925), 267 U.S. 132, 69 L. Ed. 543, 45 S. Ct. 280.) *** As stated recently in *United States v. Ross* (1982), 456 U.S. 798, 824, 72 L. Ed. 2d 572, 593, 102 S. Ct. 2157, 2172:
>
>> 'The scope of a warrantless search of an automobile *** is not defined by the nature of the container in which the contraband is secreted. Rather, it is defined by the object of the search and the places in which there is probable cause to believe that it may be found.'

(See also *New York v. Belton* (1981), 453 U.S. 454, 460-61 n.4, 69 L. Ed. 2d 768, 775 n.4, 101 S. Ct. 2860, 2864 n.4.)" (92 Ill. 2d 96, 99-100, 440 N.E.2d 869, 871-72.)

In *Ross* the court held "that the scope of the warrantless search authorized by [the automobile] exception is no broader and no narrower than a magistrate could legitimately authorize by warrant. If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." 456 U.S. 798, 825, 72 L. Ed. 2d 572, 594, 102 S. Ct. 2157, 2172.

■■ Under the circumstances of this case, we find that the trial court correctly refused to apply the automobile exception to the warrant requirement because at the time Special Deputy DeNeal searched the black plastic bottle found in defendant's vehicle, there was nothing that would justify a reasonable person in believing that the automobile contained contraband. Further, the fact that defendant appeared to be drunk and that the container discovered was opaque, rattled, and was on the floor of the vehicle is insufficient reason to justify a search of the container. Special Deputy DeNeal testified that he opened the container out of "curiosity" and because he had received "some calls from a subject" that defendant had been selling drugs. Needless to say, curiosity will not justify a search. Moreover, the mere fact that Special Deputy DeNeal received information from an unidentified informant that defendant may have been involved with drugs will not, without more, justify the search. (See *Aguilar v. Texas* (1964), 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509.) There is nothing in the record before us which indicates that the informant suggested that drugs could be found in defendant's car or that the informant was credible or reliable. Special Deputy DeNeal opened the container that he accidentally discovered in defendant's car essentially because he was curious to see whether it contained drugs. This does not amount to probable cause.

■■ The State alternatively maintains that because the evidence inevitably would have been discovered during a subsequent investigation, the evidence should be admitted. We reject the State's invocation of the "rule of inevitable discovery" (*People v. Ruberto* (1980), 81 Ill. App. 3d 636, 639, 401 N.E.2d 1306, 1308-09) because the discovery was not necessarily inevitable. The State's argument presupposes that the officers would have searched defendant's automobile due to the fact that defendant's breathalyzer test showed that defendant had .08% by weight of alcohol in his blood. This breathalyzer result gives rise to no presumption that defendant was under the influence of in-

toxicating liquor but allows an inference that defendant had been drinking. (See Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.) While there was evidence that defendant had been drinking alcohol, the record shows no objective reason for the officers to conclude that defendant was driving under the influence of anything other than alcohol. Nothing in the record indicates that the officers suspected that defendant was under the influence of a drug other than alcohol until after the pills were found in the black plastic bottle. Therefore, the discovery of the contraband cannot be said to have been inevitable.

The State points out that under *New York v. Belton* (1981), 453 U.S. 454, 457, 69 L. Ed. 2d 768, 773, 101 S. Ct. 2860, 2864, a lawful custodial arrest allows a contemporaneous warrantless search of the arrestee and the passenger compartment of the car being used by the person arrested. It is argued that the search of the container found in the vehicle was incident to arrest and no warrant was required.

■ Defendant maintains that the trial court properly concluded that there was no contemporaneous search incident to arrest in the instant case. The trial court observed at the conclusion of the suppression hearing that neither of the bases for the "search incident to arrest" exception to the warrant requirement applied under the circumstances presented. We agree with the trial court's conclusion. The reasons for allowing a search incident to arrest is that it serves to protect the police officer from danger and prevents the destruction of evidence. (*Chimel v. California* (1969), 395 U.S. 752, 763, 23 L. Ed. 2d 685, 694, 89 S. Ct. 2034, 2040.) Since neither of these justifications was present in the instant case, we conclude that the trial court did not err in refusing to apply this exception to the warrant requirement.

For the reasons stated, the order of the circuit court of Saline County is affirmed.

Affirmed.

HARRISON, P.J., and KARNS, J., concur.