THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
JONATHAN PENNY, Defendant-Appellee.

First District (1st Division) No. 1—88—1643

Opinion filed September 5, 1989.

Richard M. Daley, State's Attorney, of Chicago (Inge Fryklund, James E. Fitzgerald, David R. Butzen, and Timothy J. Leeming, Assistant State's Attorneys, of counsel), for the People.

Chester Slaughter, and Freddrenna M. Lyle, of Smith & Lyle, both of Chicago, for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

Defendant, Jonathan Penny, was charged by information with possession of a controlled substance with intent to deliver. (Ill. Rev. Stat. 1987, ch. 56½, par. 1401(a)(2).) Defendant filed a motion to quash his arrest and to suppress evidence seized at the time of his arrest, alleging that the arresting officers did not have probable cause to believe the package they had seized from defendant's car contained a controlled substance. The trial court granted defendant's motion and the State appeals (107 Ill. 2d R. 604(a)(1)). For the following reasons, we affirm the trial court's judgment.

The record indicates that on November 23, 1987, approximately 11:30 p.m., Chicago police officers James Jones and Ellis Peal observed that defendant's car had an expired license plate sticker and signalled to defendant to pull over to the side of the road. Defendant pulled off to the side, exited the car and walked toward the rear where he met the officers, who were walking toward him. Officer Peal informed defendant that they had stopped him because his license plate sticker was expired and asked to see his driver's license. Jones testified that defendant's hands were shaking as he took out his license.

While Officer Peal was talking to defendant, Officer Jones walked up to the driver's side of defendant's car and looked inside. He saw a package, approximately seven inches in diameter and four inches thick, wrapped in a brown opaque plastic material on the floor. Jones signalled to Peal that he saw something inside the car. When Peal asked defendant what was in the package, defendant claimed that he did not know because the car was not his. At that point, Officer Jones opened the door and took out the package. At the hearing, Jones described the package as looking "like a kilo of cocaine" and feeling "like a brick." When Jones poked a hole in the top of the package with a knife, he saw that it contained white powder which later proved to be cocaine. As a result, defendant was arrested.

Subsequently, defendant filed a motion to quash his arrest and to suppress evidence, alleging that he was arrested and his automobile was searched without probable cause. Following Officer Jones' testi-

mony at the suppression hearing, the trial court granted defendant's motion, stating that the suspicions of an officer that a package contained cocaine were not enough to constitute probable cause, and further adding:

"Certainly, [the officers] had a right to detain this young man for the purposes of issuing a uniform citation for the failure to have the license plate up to date. He did produce a valid driver's license. Based on the testimony the officer then stood in a place where he had a right to be, observed something that was suspicious.

Now the cross examination or the direct examination of that officer indicated *** that there was no powdery substance, no crushed green plant, there was no pill form, it was simply a package he could not see in. He believed based on his experience that probably it contained a controlled substance.

I am sure that it could possibly have contained a thousand other items that are legitimately used and packed in similar wrappings.

\* \* \*

*** [T]hey were really checking out their suspicions, they had nothing more than mere suspicion, they had a traffic violator and nothing more."

Predicated on *Texas v. Brown* (1983), 460 U.S. 730, 75 L. Ed. 2d 502, 103 S. Ct. 1535, the State filed a motion to reconsider. The trial court found *Texas v. Brown* unpersuasive and held that under the totality of circumstances, including the pivotal finding that it was not immediately apparent that the package found in defendant's automobile contained narcotics, the original ruling granting defendant's motion to suppress was correct. The State's appeal followed.

The sole issue on appeal is whether the trial court erred in granting defendant's motion to quash his arrest and to suppress evidence where the arresting officers, after stopping defendant for a routine traffic violation, observed a package on the floor of defendant's car which they thought contained cocaine, and then opened it to verify their suspicions. The State contends that Officer Jones had probable cause to remove the package from defendant's car and to open it because Jones' vast experience in narcotics investigation made it immediately apparent to him that the package contained cocaine and also because defendant's hands were shaking when he gave his driver's license to the other officer. In response, defendant argues that the incriminating nature of the package was not immediately apparent and Officer Jones' suspicions were insufficient to constitute probable cause.

■■■ Upon review, a trial court's decision on a motion to suppress will not be disturbed unless it is found to be manifestly erroneous. (*People v. Gulley* (1982), 111 Ill. App. 3d 1091, 445 N.E.2d 26.) It is well established that a warrantless search of an automobile is permissible if the officer has probable cause to believe that the automobile contains contraband. (*United States v. Ross* (1982), 456 U.S. 798, 72 L. Ed. 2d 572, 102 S. Ct. 2157.) Probable cause to search exists when, considering the totality of circumstances known to the officer at the time of the search, a reasonable person would believe contraband was present in the automobile. (*People v. Clark* (1982), 92 Ill. 2d 96, 440 N.E.2d 869.) Stopping a vehicle for a minor traffic violation does not, by itself, justify a search of the detainee's person or vehicle. The officer must reasonably believe that he is confronting a situation more serious than a routine traffic violation. (*People v. Lawrence* (1988), 174 Ill. App. 3d 818, 529 N.E.2d 63.) Mere suspicion (*Arizona v. Hicks* (1987), 480 U.S. 321, 94 L. Ed. 2d 347, 107 S. Ct. 1149) or curiosity is not enough to justify a search. (*People v. Gulley* (1982), 111 Ill. App. 3d 1091, 445 N.E.2d 26.) Further, an officer's authority to investigate a traffic violation may not serve as a subterfuge to obtain other evidence based on suspicion. *People v. Thomas* (1979), 75 Ill. App. 3d 491, 394 N.E.2d 624.

In our view, the situation at bar is similar to that in *People v. Gulley* (1982), 111 Ill. App. 3d 1091, 445 N.E.2d 26. In *Gulley*, defendant was arrested for driving under the influence of intoxicating liquor. Because of defendant's inebriated condition, the officers advised him that he was going to be driven to the county jail and that he could either leave his vehicle and it would be towed in or he could allow one of the officers to drive it. Defendant agreed to let one of the officers drive the vehicle to the jail.

When the officer who had driven defendant's vehicle was getting out of it, he inadvertently kicked something under the floorboard. The officer picked it up and discovered that it was an opaque black plastic container which rattled when shaken. The officer opened the container out of "curiosity" and also because he had been given a tip that defendant had been selling drugs. When the officer saw that it contained barbiturates, he put the container back where he had found it and advised the other officer as to what he had found. The two officers then went to defendant's automobile together and retrieved the container. As a result, defendant was charged with unlawful possession of a controlled substance. The trial court granted defendant's motion to suppress the evidence.

The appellate court affirmed the trial court's order on the ground

that at the time the officer searched the plastic container found in defendant's vehicle, "there was nothing that would justify a reasonable person in believing that the automobile contained contraband." (111 Ill. App. 3d at 1095.) The *Gulley* court further stated that the officer's curiosity, the alleged tip and the fact that defendant appeared to be drunk when arrested were insufficient reasons to justify a search of the container.

 In the present case, we find that reasons for the police officer's search of the package found in defendant's car are even less persuasive than those reasons given in *Gulley*. Here, the only reasons given for the search are that based on the officer's experience, the officer thought that the package "looked like a kilo of cocaine" and the officer had seen defendant's hands shaking when he had handed his driver's license to the other officer. As previously stated, "reasonable suspicion" does not constitute probable cause. (*Arizona v. Hicks* (1987), 480 U.S. 321, 94 L. Ed. 2d 347, 107 S. Ct. 1149.) As stated by the trial court, the package could have contained numerous legitimate items. There was nothing about the package itself or about the surrounding circumstances that suggested it contained contraband. The trial court further noted that cocaine comes wrapped in a variety of shapes, sizes and wrappings. With respect to the allegation that defendant's hands were shaking, nervousness is not a characteristic that generally invokes reasonable suspicion, especially when one is stopped by the police for a traffic violation. See *People v. Mills* (1983), 115 Ill. App. 3d 809, 450 N.E.2d 935.

Further, we find those cases relied upon by the State, *Texas v. Brown* (1983), 460 U.S. 730, 75 L. Ed. 2d 502, 103 S. Ct. 1535, *State v. Redding* (Fla. 1978), 362 So. 2d 170, and *State v. Courcy* (1987), 48 Wash. App. 326, 739 P.2d 98, distinguishable from the present case on the grounds that, in each of those cases, there were either additional incriminating circumstances surrounding the officer's search which, under the totality of circumstances test, established probable cause, or the packaging was frequently used for contraband.

In *Texas v. Brown* (1983), 460 U.S. 730, 75 L. Ed. 2d 502, 103 S. Ct. 1535, the police officer stopped respondent's automobile at night at a routine driver's license checkpoint, asked him for his license, shined a flashlight into his car and observed a deflated opaque party balloon, knotted near the top, fall from respondent's hand to the seat beside him. Based on his experience in narcotics investigations, the officer knew that narcotics were often packaged in such balloons. Further, when respondent was looking in his glove compartment for his driver's license, the officer observed small plastic vials, loose white

powder and an open bag of party balloons in the glove compartment.

The Supreme Court reversed the court of appeals decision that no probable cause existed, concluding that the police officer had properly seized the balloon from respondent's automobile. The Court based its decision on the facts that: (1) the officer testified that he was aware from his own professional experience that balloons tied in the manner of the one respondent had possessed were frequently used to carry narcotics; (2) a police department chemist testified that it was "common" for narcotics to be packaged in balloons; and (3) the officer had observed the plastic vials, loose powder and other balloons in the glove compartment.

In contrast to *Texas v. Brown*, the package observed by the officer in the present case was an innocuous rectangular package, wrapped in brown plastic. As stated by the trial court, there was nothing about the package which made it immediately apparent that it contained narcotics. The package could have contained numerous legitimate items. Further, there were no additional circumstances to validate the officer's suspicions. In our view, the mere fact that defendant's hands were shaking is indicative of nothing more than a nervous condition.

In *State v. Courcy* (1987), 48 Wash. App. 326, 739 P.2d 98, the appearance of the package and defendant's attempt to conceal it established probable cause for the police officers to search the package. Defendant Courcy was detained during a legitimate investigatory stop and asked to show some identification. Defendant removed a clear plastic identification holder from his jacket and began to take his driver's license out of the holder. At that point, the officer "saw a blue and black precisely folded paper 'bindle' in the folder and immediately recognized it as a receptacle for drugs, usually cocaine." (48 Wash. App. at 327, 739 P.2d at 99.) When defendant noticed the officer looking at the bindle, he pulled the identification holder back to his chest. After a brief struggle, defendant surrendered possession of the identification holder and its contents to the officers. The bindle contained cocaine, and defendant was arrested for possession of a controlled substance.

Based on the "single purpose container" doctrine, the reviewing court affirmed the trial court's determination that the officer had probable cause to seize the holder. At trial, both arresting officers testified that based on their experience, they immediately recognized the paper bindle as the type in which narcotics were packaged. The reviewing court held that the distinctive nature of the package coupled with defendant's "furtive gesture" left defendant with no legitimate

expectation of privacy in the contents of the bindle.

By contrast, the package in the present case had no distinctive characteristics which would reasonably lead someone to believe that it contained contraband. Further, the fact that defendant's hands were shaking could not reasonably be characterized as a "furtive gesture."

Finally, in *State v. Redding* (Fla. 1978), 362 So. 2d 170, police officers responded to a complaint that a nude man was running around a parked car. When the police arrived on the scene, defendant was lying on the front seat of his car, fully exposed by virtue of an unfastened bathrobe. His clothes, shoes and jewelry were neatly folded and placed in the back seat. The officers believed they had probable cause to arrest defendant for indecent exposure and ordered him to get out of the car. When the interior car light was illuminated as defendant exited the car, one of the officers saw several small, flat, inch by one-quarter-inch tinfoil packets inside defendant's shoes. Based upon his experience with narcotics arrests, the officer believed the packets contained heroin or cocaine. As a result, the officer removed the packets from defendant's shoes and discovered that they contained phencyclidine.

The circuit court suppressed the packets. On appeal, the reviewing court held that the packets were properly seized under the plain view doctrine. In reaching its decision, the court specifically noted that: (1) the officer saw the packets when he was in a place where he had a right to be; (2) the officer's experience in narcotics investigations had taught him that narcotics were customarily wrapped in small tinfoil packets; (3) defendant was exhibiting bizarre behavior at the time of his arrest; and (4) the packets were in a peculiar location. By contrast, in the present case, there were no distinctive characteristics about the package, defendant exhibited normal behavior, the package was on the floor on the front passenger's side. Accordingly, we conclude that the trial court properly granted defendant's motion to quash his arrest and to suppress the evidence.

For the aforementioned reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

BUCKLEY and O'CONNOR, JJ., concur.