THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
CHRISTOPHER KOLODY, Defendant-Appellee.

Second District   No. 2—89—0385

Opinion filed July 24, 1990.

James E. Ryan, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, and William L. Browers and Colleen M. Griffin,

both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

No brief filed for appellee.

JUSTICE McLAREN delivered the opinion of the court:
The State appeals from an order of the circuit court which granted the motion of defendant, Christopher Kolody, to suppress evidence. The State raises two issues on appeal: whether the trial court erred in suppressing the evidence because the search of defendant's car was based on probable cause; and whether the trial court erred in suppressing the evidence because the search of defendant's car was valid as a search incident to defendant's arrest. We affirm.

Defendant was charged with unlawful possession of marijuana (Ill. Rev. Stat. 1987, ch. 56½, par. 704(c)) and unlawful delivery of alcohol to a minor (Ill. Rev. Stat. 1987, ch. 43, par. 131(a)). Defendant filed a motion to suppress the bag of marijuana found in the glove compartment of his car.

At the hearing, defendant testified that on October 15, 1988, at 1 a.m., he and some friends were "hanging out" in the parking lot of a bowling alley. Defendant was standing next to his car talking with Terry Farmer. A police officer drove up, got out of his squad car and approached the defendant. Farmer walked around defendant's car and climbed into the backseat. The officer asked defendant what they were doing there and what Farmer was doing in the car. The officer then asked Farmer to get out of the car. As Farmer got out, the officer asked him what he had set down inside the car. The officer reached into the car and pulled out a beer. Farmer admitted that the beer was his.

The officer then asked for Farmer's and defendant's drivers' licenses. Defendant showed his driver's license to the officer. Defendant was 21 years old on that date. Farmer also gave his license to the officer. The officer asked Farmer who else had beer, and Farmer told him that he did not know. The officer then arrested Farmer and put him in the squad car.

While defendant was talking with two girls, another squad car pulled up. The officers told defendant they were going to search his car. Defendant was not handcuffed or under arrest at that time. The officers searched the backseat floor, the front seat and then the glove compartment. The officers found a "12-pack" in the backseat of the car and a bag of marijuana in the glove compartment. They then ar-

rested defendant and put him in the other squad car. Defendant did not consent to the search of the car, and the officers did not have a warrant to search the automobile.

Farmer testified that he, defendant, and eight or nine others were in the parking lot of a bowling alley when a police officer drove up. The officer got out of the car and began talking to defendant. Defendant was not holding a beer. Farmer had a beer in his hand, so he got into defendant's car and sat in the backseat. The officer asked Farmer to get out of the car. Farmer put down the beer and started to get out. The officer reached into the car and grabbed the beer. The officer asked if it was Farmer's beer. Farmer admitted that it was. The officer also asked Farmer how old he was, and Farmer told the officer that he was 20 and defendant was 21. The officer asked to see some identification and asked Farmer who else was drinking. Farmer told the officer that he did not know. A girl who was present started her car, and the officer told her not to go anywhere. The officer again asked Farmer who else was drinking. Farmer again told him he did not know, and the officer told Farmer that he was under arrest since he would not cooperate. Farmer was searched, handcuffed and put in the squad car. While he was sitting in the squad car, Farmer saw another squad car pull up. The two officers walked around defendant's car with flashlights. They then searched the car. They found a bag of marijuana in the car and showed it to defendant. The officers then searched defendant, put handcuffs on him and put him in the other squad car. Farmer stated that there were other beer bottles outside the car, but they did not belong to Farmer.

Richard Beyer, a Carol Stream police officer, testified that he saw defendant and Farmer standing next to a car in the bowling alley parking lot. Beyer observed Farmer kick over three beer bottles, quickly walk around the back of the car, and get into the backseat. Beyer asked Farmer for identification and asked Farmer to get out of the car. As Farmer got out of the car, he took something from underneath his coat and set it on the floor of the car. Beyer noticed that it was an open beer bottle. After examining Farmer's and defendant's drivers' licenses, Beyer determined that Farmer was 20 and defendant was 21. Beyer asked Farmer where he had gotten the beer. Farmer told Beyer that defendant had given it to him. Beyer then arrested Farmer for unlawful possession of alcohol by a minor.

Beyer then asked defendant if he knew Farmer was under age and if he had given Farmer the beer. Defendant admitted to Beyer that he had. According to Beyer, he arrested defendant and proceeded to search defendant's car. Beyer told defendant to stand by

the rear passenger door of the car. Beyer started the search in the backseat and retrieved the open bottle of beer. He noticed a package of cigarette rolling papers on the floor. Beyer then checked the center console where he found a plastic bag with marijuana in it. During the search, another police officer arrived. Defendant was then searched, handcuffed and put in the other squad car.

The court asked Beyer where Farmer and defendant were when Beyer began the search of defendant's car. Beyer explained that Farmer was in the squad car. Beyer also testified that he told defendant to stand next to defendant's car "partially because [Beyer] did not wish to put the two of them in the back of the same car." Beyer admitted that, before he began the search, he had already recovered the open bottle of beer from the car. Beyer further stated that he first noticed the rolling papers when he recovered the beer bottle. This was prior to the time he went back to search the car for any other beer. The court then asked Beyer the object of his search. Beyer answered that he was searching for any other open liquor.

In rebuttal, Heather August testified that she was present in the bowling alley parking lot with defendant and Farmer. A police officer pulled up and asked defendant what they were doing. Farmer walked around defendant's car and sat in the backseat. The officer asked Farmer to get out of the car and also asked what Farmer put down on the floor of the car. The officer picked up a beer bottle and asked if that was what Farmer had set down. Farmer admitted that it was his beer. Farmer told the officer that he was 20 and gave the officer his identification. One of the other girls present started her car, and the officer told her to turn off the car. The officer repeatedly asked Farmer who else was drinking. Farmer repeatedly answered that he did not know. The officer then said that Farmer was under arrest because he would not tell the officer who else was drinking. The officer told Farmer to get up against the car, handcuffed him, and put him in the police car. A second officer pulled up and the two officers searched defendant's car. One of the officers pulled out a bag of marijuana and told the other officer what he had found. The second officer then asked August and the two other girls if they were with defendant and Farmer. The girls said they were not, so the officer told them they could go. At that point defendant was not under arrest.

After hearing the arguments of counsel, the court stated that it thought the evidence was close. The court denied the motion to suppress, however, because the court believed that the presence of the rolling papers made it reasonable for the officer to conclude that there was marijuana in the car. The court did not resolve the factual

questions of whether the marijuana was in the console or the glove compartment, or when defendant was put under arrest.

Defendant filed a motion to reconsider, arguing that the presence of rolling papers did not justify a further search of the car. The State responded that the search was justified as a further search for open liquor in the car. The court decided that its prior order was in error for four reasons. First, although the court thought that the presence of rolling papers justified a search of the car, the case law states that it is not a sufficient basis. Second, the only sufficient basis to search would be a search for additional alcohol, but the officer did not say he was searching for alcohol when he searched the car. Third, defendant was 21. Finally, there was no evidence to indicate that there was any alcohol in the car because they were standing outside the car when the officer pulled up, and the only open alcohol in the car was the bottle Farmer put in the car when he saw Officer Beyer drive up. According to the court, delivery of alcohol to a minor is such an insignificant violation that it did not justify searching the car. The State appeals from the court's decision.

Although defendant has not filed an appellate brief, we may resolve the issues presented on the merits without the aid of an appellee's brief in conformance with the standards set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 131-33.

■ The State first contends that the evidence should not have been suppressed because the search of defendant's car was based on probable cause. Initially, we note that a trial court's decision to suppress evidence will not be overturned on review unless it is clearly erroneous. (*People v. Galvin* (1989), 127 Ill. 2d 153, 162.) On a motion to suppress, the defendant has the burden of proof to make a *prima facie* showing that the police illegally obtained the evidence. (*People v. Neal* (1985), 109 Ill. 2d 216, 218.) Once the defendant has sustained his burden, the State must then show that the search had legal justification. *Village of Gurnee v. Gross* (1988), 174 Ill. App. 3d 66, 69.

■ It is well established that the police must obtain a search warrant prior to searching a vehicle unless the circumstances fall within an exception to the warrant requirement. (*United States v. Ross* (1982), 456 U.S. 798, 807-08, 72 L. Ed. 2d 572, 583, 102 S. Ct. 2157, 2164; *Carroll v. United States* (1925), 267 U.S. 132, 156, 69 L. Ed. 543, 552-53, 45 S. Ct. 280, 286; *People v. Gulley* (1982), 111 Ill. App. 3d 1091, 1094.) An exception exists when the police have probable cause to believe that there is contraband in the vehicle. (*People v. Penny* (1989), 188 Ill. App. 3d 499, 502.) In this context, probable

cause exists when, considering the totality of the circumstances known to the police officer at the time of the search, a reasonable person would believe that contraband was present in the vehicle. *Penny*, 188 Ill. App. 3d at 502.

■ As defendant correctly argued to the trial court, the presence of rolling papers alone does not constitute probable cause to believe that the vehicle contained marijuana/contraband. (See *People v. Wright* (1980), 80 Ill. App. 3d 927, 931; *People v. Damon* (1975), 32 Ill. App. 3d 937, 938.) The State argues, however, that Officer Beyer had probable cause to search the car apart from the rolling papers. According to the State, since Farmer was in the car with open liquor, it would be natural for Beyer to assume he would find more alcohol in the car. This argument is flawed in several respects.

First, the trial court found that Beyer was not looking for alcohol when he searched the car, but was searching for marijuana. The credibility of the witnesses is for the trial court to determine, and we will not disturb its finding as it is supported by the record. (*People v. Freeman* (1988), 167 Ill. App. 3d 740, 744.) Second, the trial court also emphasized that defendant was 21 years old. Thus, any alcohol in the car would not be contraband because it was not illegal for defendant to have alcohol in his car. Third, the trial court found that there was no evidence to indicate that there was any open liquor in the car because defendant and Farmer were standing outside the car when the officer pulled up and the only open bottle in the car was the one Farmer put there.

Furthermore, "[t]he scope of a warrantless search of an automobile *** is not defined by the nature of the container in which the contraband is secreted. Rather, it is defined by the object of the search and the places in which there is probable cause to believe that it may be found." (*People v. Clark* (1982), 92 Ill. 2d 96, 100.) Based upon the record, it is unreasonable to believe that there were open bottles of beer in the console or glove compartment. Storing open beer bottles in a console or glove compartment is impractical because the beer would spill out and effective storage would be defeated. Finally, open bottles of beer in the car would not have been contraband because the car was legally parked in a private parking lot, not on the highway. (See Ill. Rev. Stat. 1987, ch. 95 1/2, par. 11—502(a).) Therefore, we conclude that the trial court's finding that Beyer did not have probable cause to search the car was not against the manifest weight of the evidence.

■ The State next contends that the search of the car was valid as a search incident to defendant's arrest. In support of this conten-

tion, the State cites *New York v. Belton* (1981), 453 U.S. 454, 69 L. Ed. 2d 768, 101 S. Ct. 2860, for the proposition that, when a police officer has made a lawful custodial arrest of an occupant of a vehicle, the officer may search the passenger compartment of the vehicle. (*Belton*, 453 U.S. at 460, 69 L. Ed. 2d at 775, 101 S. Ct. at 2864.) The State's reliance on *Belton* is misplaced. *Belton* does not apply in this case because defendant was not the driver or passenger of the car just before the arrest. (See 3 W. LaFave, Search and Seizure §7.1(b), at 5-6 (2d ed. 1987); see also *Smith v. State* (Tex. App. 1988), 759 S.W.2d 163; *Gauldin v. State* (Tex. Cr. App. 1984), 683 S.W.2d 411.) In this case, where the defendant was not in the vehicle prior to arrest, the *Chimel* standard applies: when lawfully arresting a person, the police may search the arrestee and the area within his immediate control. (*Chimel v. California* (1969), 395 U.S. 752, 763, 23 L. Ed. 2d 685, 694, 89 S. Ct. 2034, 2040; Ill. Rev. Stat. 1987, ch. 38, par. 108–1.) The reason for allowing a search incident to an arrest is that it serves to protect the arresting officer from danger and prevents the destruction of evidence or the escape of the arrestee. *Chimel*, 395 U.S. at 763, 23 L. Ed. 2d at 694, 89 S. Ct. at 2040.

■ The trial court did not determine when defendant was placed under arrest. The failure to resolve this factual question does not require a remand because we may presume that the trial court credited only the testimony that supports its ruling. (See *People v. Winters* (1983), 97 Ill. 2d 151, 158.) The only evidence that defendant was arrested at the time of the search was Officer Beyer's testimony that he arrested defendant but did not put him in the squad car because he did not want two people in the squad car together. Beyer did not testify that he searched defendant's person, handcuffed him, or read him the *Miranda* warnings prior to searching the car. All the other witnesses testified that defendant was not under arrest at the time of the search. Beyer never testified as to why he did not immediately put defendant into the other squad car when the second officer arrived. Defendant's person was not searched, and he was not handcuffed until after the officers found the marijuana.

Furthermore, the evidence indicates that defendant was "seized" and not arrested until after the car was searched. The girls who were there with defendant and Farmer were told not to leave and were permitted to leave only after the officers found the marijuana. The girls were "seized" (*People v. Clark* (1989), 185 Ill. App. 3d 231, 236, 238) but not under arrest. We believe the evidence supports the conclusion that defendant, like the girls, was "seized" until after the officers searched the car. Thus, the trial court could reasonably have con-

cluded that defendant was not arrested until after the car had been searched and, therefore, the search could not be justified as a search incident to arrest.

Even if the court had concluded that defendant was under arrest at the time of the search, the search could not be upheld as a valid search incident to arrest. The evidence established that defendant was standing outside the car, near the front, and the bag of marijuana was found in either the console or the glove compartment. There is nothing in the record to indicate that the console or the glove compartment was within defendant's immediate control (*Smith v. State*, 759 S.W.2d at 166) or was "within reach of" defendant (*Belton*, 453 U.S. at 460, 69 L. Ed. 2d at 775, 101 S. Ct. at 2864). Additionally, he was not a "recent occupant" of the car (*Belton*, 453 U.S. at 460, 69 L. Ed. 2d at 774, 101 S. Ct. at 2864). Thus, the search exceeded the permissible bounds to be valid as incidental to defendant's arrest.

Alternatively, the record also supports the conclusion that any search that might have been proper was terminated after finding the open beer bottle and without finding the marijuana. There was no legal basis for a second search by the police officers.

Therefore, we conclude that the trial court's decision to suppress the bag of marijuana was not against the manifest weight of the evidence.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

WOODWARD, J., concurs.

JUSTICE INGLIS, dissenting:
I respectfully dissent from the majority's conclusion that the police officers did not have probable cause to search defendant's automobile after they found open liquor in the car.

Officer Beyer testified that he saw Farmer put a beer bottle, with beer still in it, on the floor of defendant's automobile before Farmer exited the car. Farmer told Officer Beyer that he was drinking beer and indicated that he got the beer from defendant. Farmer also stated that he was 20 years old. Based on these facts, Officer Beyer had probable cause to believe that a crime had been committed, specifically that Farmer, a minor, unlawfully possessed alcohol (Ill. Rev. Stat. 1987, ch. 43, par. 134a) and defendant unlawfully delivered the alcohol to Farmer (Ill. Rev. Stat. 1987, ch. 43, par. 131(a)).

Given that Officer Beyer had probable cause to believe that a

crime had been committed, he also had probable cause to believe that evidence of the crime may be found in the automobile. A similar situation was present in *People v. Lawrence* (1988), 174 Ill. App. 3d 818. In *Lawrence*, a police officer stopped the defendant's automobile when he noticed the car contained a defective headlight. Upon further investigation, the officer observed an open bottle of beer in the car. The court stated that "[a]rguably, probable cause existed at the point that [the officer] observed and noted the open container of liquor in the car." (*Lawrence*, 174 Ill. App. 3d at 822.) The court held that it was reasonable for the officer to search the automobile for contraband after the officer observed that the vehicle contained some items of contraband. 174 Ill. App. 3d at 822.

In the present case, Officer Beyer observed a beer bottle, with beer still in it, in defendant's car. Like *Lawrence*, this observation that the vehicle contained some contraband gave Beyer the authority to search the car for additional items of contraband. Thus, I would find that Officer Beyer's search of the automobile was reasonable under the specific facts in this case.

I would further find that the scope of the warrantless search was reasonable in this case. As the Court indicated in *United States v. Ross* (1982), 456 U.S. 798, 72 L. Ed. 2d 572, 102 S. Ct. 2157, the scope of a warrantless search is "defined by the object of the search and the places in which there is probable cause to believe that it may be found." (*Ross*, 456 U.S. at 824, 72 L. Ed. 2d at 593, 102 S. Ct. at 2172.) I believe that it was reasonable for Officer Beyer to suspect that there may be additional alcohol in the automobile after he observed Farmer's open bottle of beer. Furthermore, it was reasonable for Officer Beyer to search the console and glove compartment due to the possibility that additional alcohol may be found in these areas.

While the majority correctly points out that a trial court's ruling on a motion to suppress will not be overturned unless it is manifestly erroneous (*People v. Galvin* (1989), 127 Ill. 2d 153, 162), it is my opinion that the court's determination was contrary to the manifest weight of the evidence. (See *Lawrence*, 174 Ill. App. 3d at 822.) Consequently, I would reverse the order of the circuit court of Du Page County and remand this cause for further proceedings.