THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. STALLIOS KALIVAS, Defendant-Appellee.

Second District   No. 2—89—1150

Opinion field January 15, 1991.

James E. Ryan, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, and William L. Browers and Lawrence M. Bauer, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Allan J. Marco, of Marco & Stefanos, of Downers Grove, for appellee.

PRESIDING JUSTICE REINHARD delivered the opinion of the court:

The State appeals pursuant to Supreme Court Rule 604(a)(1) (107 Ill. 2d R. 604(a)(1)) from an order of the circuit court of Du Page County granting the motion of defendant, Stallios Kalivas, to suppress certain evidence seized during a warrantless search of his car following his arrest for a traffic offense.

Defendant was charged with the offenses of driving while his license was revoked (Ill. Rev. Stat. 1989, ch. 95½, par. 6—303), improper use of a vehicle registration (Ill. Rev. Stat. 1989, ch. 95½, par. 3—703), unlawful possession of less than 15 grams of a controlled substance containing cocaine (Ill. Rev. Stat. 1989, ch. 56½, par. 1402(b)), and unlawful possession of more than 2.5 but not more than 10 grams of a substance containing cannabis (Ill. Rev. Stat. 1989, ch. 56½, par. 704(b)). Defendant filed a pretrial motion seeking to suppress the co-

caine and cannabis seized pursuant to a search of defendant's car following his arrest for driving while his license was revoked.

The evidence offered at the hearing on defendant's motion to suppress established the following. Defendant testified that on July 26, 1989, at approximately 1:40 a.m., he and a passenger were pulled over while driving on Route 59 in Naperville, Illinois, by two officers of the Naperville police department. When defendant was pulled over, he stepped out of the car. Defendant was asked to produce his driver's license, and he told the officer it was revoked. He was then handcuffed and placed into the backseat of the squad car. Defendant was driving a Buick. He admitted that the license plates on the vehicle were registered for a Ford vehicle, but he had just purchased the Buick and put the plates on until he "transferred them over." Another officer checked the passenger's driver's license. Investigation established that the passenger was wanted on an outstanding warrant. The passenger was arrested and placed in another police car. The two officers then searched defendant's vehicle.

Officer Thomas Sheehan of the Naperville police department testified that he stopped defendant's vehicle because the license plate was for a Ford automobile and was on a Buick. When defendant said he did not have a driver's license, Sheehan checked by radio and learned defendant's license was revoked. He placed defendant under arrest, handcuffed him, and put him in the backseat of the squad car. Another officer determined that the passenger in defendant's vehicle was wanted on an outstanding warrant for failing to appear in court on another charge. He was taken into custody and removed from defendant's vehicle.

Both officers then searched defendant's vehicle incident to defendant's arrest. When Officer Sheehan entered the vehicle to begin the search, he observed a plastic bag containing a green leafy substance on the console between the driver's seat and the passenger's seat. He believed the substance to be cannabis. Sheehan's partner went through the cassette tapes on the console. In one of the empty cassette cases the officer discovered a plastic bag containing a white powdery substance which Sheehan believed to be cocaine. The officers seized the items. Sheehan returned to his squad car, read defendant the *Miranda* warnings, and then talked with defendant about what was found in the car.

The trial court granted the motion to suppress, concluding that (1) the marijuana was not in plain view before the officers entered the vehicle; (2) the officers did not have probable cause to believe there was any drug violation in order to search the car; and (3) the search

was not incident to the arrest because defendant had been "disabled" and was no longer in or at the approximate area of the car that was being searched. The State filed a timely notice of appeal and a certificate of impairment.

On appeal, the State contends, as it did in the trial court, that the search was permissible as incident to defendant's arrest. The State does not raise the issue of whether the marijuana was in plain view. Defendant does not challenge the initial traffic stop or his subsequent arrest on the traffic charges, and they are not at issue. Defendant essentially argues that this was not a valid search incident to an arrest because he was away from the vehicle; he did not have access to weapons nor was he able to interfere with evidence; all of the evidence necessary to prosecute him for the traffic violations had been acquired; and there was no cause to believe he was committing another crime.

■ It is well settled that a search incident to a lawful arrest is a traditional exception to the warrant requirement of the fourth amendment. (*United States v. Robinson* (1973), 414 U.S. 218, 224, 38 L. Ed. 2d 427, 434, 94 S. Ct. 467, 471.) The only issue on appeal is the legality of the search of the passenger compartment of defendant's car incident to defendant's arrest. The State contends that the case of *New York v. Belton* (1981), 453 U.S. 454, 69 L. Ed. 2d 768, 101 S. Ct. 2860, controls. In *Belton*, the Supreme Court held that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." (453 U.S. at 460, 69 L. Ed. 2d at 775, 101 S. Ct. at 2864.) The court expressly included a search of any containers found within the passenger compartment because "if the passenger compartment is within reach of the arrestee, so also will containers in it be within [the arrestee's] reach." (453 U.S. at 460, 69 L. Ed. 2d at 775, 101 S. Ct. at 2864.) It is of no importance that the container holds neither a weapon nor evidence of the criminal conduct for which the suspect was arrested. 453 U.S. at 461, 69 L. Ed. 2d at 775, 101 S. Ct. at 2864.

Defendant argues that he was handcuffed and in the squad car during the search, and, therefore, nothing in the car was "within his reach" when it was searched, and *Belton* does not apply. We disagree.

In *People v. Loftus* (1983), 111 Ill. App. 3d 978, 444 N.E.2d 834, the appellate court, relying on *Belton* and the respected authority of Professor Wayne LaFave, upheld a search of the defendant's automobile while he was under arrest, handcuffed, and in the backseat of a squad car as a valid search incident to a lawful arrest. (111 Ill. App.

3d at 983-84, 444 N.E.2d at 838.) The court in *Loftus* noted that *Belton* represents an amplification of *Chimel v. California* (1969), 395 U.S. 752, 23 L. Ed. 2d 685, 89 S. Ct. 2034, in order to establish a straightforward rule for the police in dealing with cases of this variety. (*Loftus*, 111 Ill. App. 3d at 982, 444 N.E.2d at 837.) As stated by Professor LaFave in concluding the suspect need not be standing in close proximity to the car when the search is conducted, "under *Belton*, a search of the vehicle is allowed even after the defendant was removed from it, handcuffed, and placed in the squad car." (3 W. La-Fave, Search & Seizure §7.1(c), at 15 (2d ed.1987).) Similarly, the United States Court of Appeals for the Seventh Circuit has recognized that, under *Belton*, a search of an automobile incident to a lawful arrest may be validly made without regard to the nature of the offense supporting the arrest and even though the arrestee was both handcuffed and secured in the backseat of a squad car. *United States v. Arango* (7th Cir. 1989), 879 F.2d 1501, 1505-06.

In the case at bar, defendant was validly under arrest, the search followed immediately after the arrest so as to be deemed contemporaneous with the arrest, and the console and cassette cases searched were within the passenger compartment of the vehicle defendant was driving just before his arrest. This factual situation falls within the rule allowing such a search incident to arrest set forth in *Belton* and the above-cited authorities.

For the above reasons, we find the circuit court's order suppressing the evidence to be manifestly erroneous, and we reverse the order and remand for further proceedings.

Reversed and remanded.

UNVERZAGT and DUNN, JJ., concur.