THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JAMES RAYMOND WIEST *et al.*, Defendants-Appellees.

Second District Nos. 2—91—0194, 2—91—0195 cons.

Opinion filed June 22, 1993.—Rehearing denied July 27, 1993.

WOODWARD, J., specially concurring.
UNVERZAGT, J., dissenting.

Mary Jo Hunt, State's Attorney, of Galena (William L. Browers and Gregory L. Slovacek, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

G. Joseph Weller, of State Appellate Defender's Office, and Anne S. Quincy, both of Elgin, and Philip F. Jensen, of Hammer, Simon & Jensen, and David C. Rashid, both of Galena, for appellees.

JUSTICE BOWMAN delivered the opinion of the court:

The State appeals pursuant to Supreme Court Rule 604(a)(1) from an order of the circuit court of Jo Daviess County granting the motion of defendants, James Raymond Wiest (Wiest) and Daniel Joseph Mausser (Mausser), to suppress certain evidence seized during a warrantless search of defendants' car following their custodial arrests for a traffic offense. Proper certification was made as required by *People v. Carlton* (1983), 98 Ill. 2d 187.

Defendants were both charged by information with the offenses of unlawful possession with intent to deliver a controlled substance (count I) (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(b)(2)), and unlawful possession of a controlled substance (count III) (Ill. Rev. Stat. 1989, ch. 56½, par. 1402(b)). Wiest was also charged with unlawful posses-

sion of a controlled substance (count II) (Ill. Rev. Stat. 1989, ch. 56½, par. 1401(b)(2)). Mausser was also charged with unlawful possession of a controlled substance (count II) (Ill. Rev. Stat. 1989, ch. 56½, par. 1402(b)). After a preliminary hearing, the trial court dismissed count III as to both defendants. The trial court also granted the defendants' motions to suppress evidence. The State appeals from those rulings. We affirm.

The evidence offered at the preliminary hearing and at a hearing on the defendants' motions to suppress evidence established the following. On August 11, 1990, Officers Evelyn Keleher and Kevin Green of the Galena police department were on routine patrol when, at approximately 9:45 p.m., they noticed a vehicle driving on U.S. Route 20, within the city limits, which had a burned-out license plate light. Neither officer noticed anything else unusual in the manner of the operation of the motor vehicle.

The police pulled that car over. It was stipulated that the sole reason for the traffic stop was the burned-out license plate light. Officer Green indicated that he would stop all vehicles for minor traffic violations. Both officers exited their squad car at the same time, with Officer Keleher approaching the driver's side of the vehicle and Officer Green approaching the passenger's side. They both arrived at the vehicle almost simultaneously.

There were streetlights in the area, and Officer Green did not recall whether he used his flashlight. Green saw defendant Wiest in the front passenger seat and saw the glove compartment door open. A third codefendant, Lyons, whose case was later dismissed, was in the backseat. Wiest was rummaging through the glove compartment before Keleher asked for the registration, and at that time Green saw a black and gray 35-mm film container in the glove compartment. Wiest never gave defendant Mausser (the driver) or Officer Green anything; he just fumbled in the glove compartment and then shut it.

Based on his prior experience in drug-related cases, Officer Green was suspicious that the film container contained illicit drugs. Officer Green also noted that the glove compartment was large enough to hold a can of beer.

Officer Green noticed open liquor in plain view on both the floor of the backseat and the floor on the driver's side of the car. Officer Green pointed it out to Officer Keleher. At this point, since the driver of the vehicle was a minor in possession of alcohol, Officers Keleher and Green believed the driver of the car had committed an illegal act. All the occupants were ordered out of the car and eventually they were all arrested. Defendants were given no *Miranda* warnings and

no statements were elicited. Officers Green and Keleher engaged in a search of the car for anything illegal, including but not limited to alcohol. The officers testified that, normally when open liquor was found, a search would be done for any items of an illegal nature. That search would include the glove compartment and the trunk. During the search, additional liquor was found in the car.

Officer Green opened the glove compartment and saw the film container. He opened the container and found pills inside which appeared to be an illegal substance. Later, those pills were found by laboratory analysis to contain no scheduled substance. After securing the film container and the pills, Officer Green proceeded to further investigate the glove compartment. After moving items around in the glove compartment, Officer Green found in the glove box a clear plastic baggie containing a white, powdery substance, which field-tested positive for cocaine. The baggie of cocaine was not in plain view when the glove compartment was open.

The defendants were taken to the police station. Officer Green obtained defendant Mausser's permission to drive the car to the police station. After impounding the car, Officer Green did an additional search of the vehicle and found a clip-on visor mirror and a Blockbuster video card, both containing a white powdery substance, under the driver's seat. Field tests on the powdery substance revealed it to be cocaine. Officer Green testified that, based on his experience, the mirror and card were used to ingest cocaine. He hypothesized that at the time of the traffic stop defendants had been "doing lines" of cocaine. Green had been on the Illinois State Police narcotics task force for two years and two months and had personally investigated 160 drug cases, mostly involving cocaine. He admitted that he had no idea that the defendants were drinking beer or that the officers would find drugs when they pulled the defendants over.

The foregoing was testified to by Officer Green at the preliminary hearing as well as by both officers during the evidentiary hearing on the defendants' motions to suppress evidence. At the hearings, it was conceded by defendant Mausser's counsel that defendants' vehicle was properly stopped for an equipment violation. It was also conceded that, after discovering open alcohol in a vehicle that contained minors, it was permissible to search for more open alcohol containers. However, the defendants asserted that opening the film container was not warranted, and as this was an illegal act, the fruits of any search following that act should be suppressed. Thus, at issue in this appeal is the legality of opening the film container and the legality of discovery of the baggie of cocaine, the mirror, and the Blockbuster video card.

The trial court ultimately granted defendants' motions to suppress all evidence gathered after the film container was opened. The State filed timely notice of appeal and a certificate of impairment.

On appeal, the State contends that the search of the glove compartment and the film container therein was warranted by probable cause. The State argues that the officers had probable cause because Officer Green observed defendant Wiest rummaging through the glove compartment as if he was trying to hide something. Further, the State contends that Officer Green's prior experience in drug cases allowed him justifiably to be suspicious of a 35-mm film container as it was a common container for illicit drugs. Thus, since Officer Green saw what he believed was a container holding contraband, the State asserts that he was justified in conducting a thorough search of the car. Defendants contend that while the search for open alcohol was justified, a search for other contraband not likely to be alcohol was not justified. Thus, they contend, the trial court was correct in suppressing fruits of the search obtained after opening of the film container.

The trial court relied on *People v. Penny* (1989), 188 Ill. App. 3d 499, in rendering its decision to grant defendants' motions to suppress. In *Penny*, at issue was the warrantless search of a car after its driver had been stopped for a traffic violation. Defendant was pulled over by the police because of an expired license plate sticker. During the stop, defendant got out of the car and walked back to talk to the officers. One of the officers walked up to the driver's door, looked inside, and saw a package wrapped in brown plastic on the floor. The officer believed the package resembled a "kilo of cocaine" and poked a hole in the top of the package with a knife, revealing a white powder which later proved to be cocaine. The trial court granted defendant's motion to suppress the evidence. The appellate court affirmed the trial court. (*Penny*, 188 Ill. App. 3d at 505.) The appellate court determined that the fact that the officer had substantial experience in narcotics investigation and was suspicious of the package and the fact that defendant was nervous when he handed over his driver's license were not sufficient to give rise to probable cause to search the closed package in defendant's car upon a traffic stop. (*Penny*, 188 Ill. App. 3d at 503.) The appellate court determined that there was nothing about the package itself or about the surrounding circumstances that suggested it contained contraband. (*Penny*, 188 Ill. App. 3d at 503.) Although it was not expressly stated in the trial court's order, the trial court in the present case evidently found no probable cause to support the opening of the film container, analogous to the brown

plastic package which was opened in *Penny*. We agree with the trial court's analysis.

 A reviewing court will not disturb a trial court's decision on a motion to suppress unless it is found to be manifestly erroneous. (*People v. Gacho* (1988), 122 Ill. 2d 221, 237; *Penny*, 188 Ill. App. 3d at 502.) Prior to the search of a car, the police must obtain a search warrant, unless the circumstances fall within certain exceptions to the warrant requirement. (*United States v. Ross* (1982), 456 U.S. 798, 809, 72 L. Ed. 2d 572, 583-84, 102 S. Ct. 2157, 2164-65.) The exception to the warrant requirement posited by the State in this case is that the officers had probable cause to believe the car contained contraband. To establish probable cause for such a search, it must be shown that the totality of the facts and circumstances known to the officer at the time of the search would justify a reasonable person in believing that contraband was present in the vehicle. *People v. Clark* (1982), 92 Ill. 2d 96, 100.

 The State contends that there were three reasons which supported the existence of probable cause for the police officers to open the film container and to search the car and glove box: (1) Officer Green saw defendant Wiest rummaging in the glove box as if trying to hide something, (2) Officer Green spotted open alcohol in plain view in the car, and (3) the film container in plain view led Officer Green to suspect the film container as a possible vessel for controlled substances on the basis of his prior experience in drug-related cases.

As regards the first of these reasons, we find the case cited by the State distinguishable. In *People v. Jones* (1990), 207 Ill. App. 3d 30, defendant, while driving, was stopped for an equipment violation. As the officer approached the vehicle, he noticed defendant making turning movements and placing a plastic bag underneath the armrest between the seats. The appellate court determined that the mere movement in the car did not give rise to probable cause. However, the act of placing the bag under the armrest did give rise to probable cause as it appeared that the defendant was hiding the bag. (*Jones*, 207 Ill. App. 3d at 32.) In the present case, Officer Green did not see defendant Wiest hide any object in the glove box; he merely saw Wiest rummaging through the glove box. Furthermore, the officer testified at the motion to suppress hearing that a majority of people keep their vehicle registrations in the glove box. Thus, we determine Wiest's movements in the present case did not give rise to probable cause.

As regards the second of the reasons for probable cause put forth by the State, we determine that the police did have probable cause to

search for more alcohol on the basis of the open alcohol containers in plain view in the car. The scope of a warrantless search of an automobile is defined by the object of the search and the places in which there is probable cause to believe that the object of the search may be found. (*Clark*, 92 Ill. 2d at 100, citing *Ross*, 456 U.S. at 824, 72 L. Ed. 2d at 593, 102 S. Ct. at 2172.) Thus, in the present case, since the defendants were minors, the police had probable cause to search for open or closed alcohol containers. However, the testimony at the hearing indicated that the police were operating under the rationale that, upon finding open alcohol in the car, they had probable cause to search for *any* type of contraband. The police were mistaken in this belief. (*Clark*, 92 Ill. 2d at 100.) They only had probable cause to look for alcohol containers.

As regards the third rationale used by the State to establish probable cause to justify opening the film container, we determine that the trial court's analysis of this rationale in light of *Penny* is correct, as we have already stated above.

Although there were no factual determinations made in the trial court's written ruling, we can presume that it credited only that testimony that supports its ruling. (*People v. Kolody* (1990), 200 Ill. App. 3d 130, 136.) In light of the fact that the trial court observed the witnesses, and upon reviewing the parties' arguments and the record, we determine that the trial court's decision is not against the manifest weight of the evidence.

■ With respect to our colleague's dissent, we believe a responsive note is warranted. It appears that the police search of the glove compartment and seizure of the cocaine was legally permissible as a search incident to arrest. (See *People v. Kalivas* (1991), 207 Ill. App. 3d 415.) However, neither the State nor defendant raised the issue of search incident to arrest in either the trial or appellate court. In criminal cases, when the State fails to raise an issue in the trial court, such issue is waived for purposes of appeal. (*People v. Valdez* (1980), 81 Ill. App. 3d 25, 27-28.) There is no compelling reason to treat waiver by the State any differently from waiver by the defendant. *People v. Sanders* (1976), 44 Ill. App. 3d 510, 516.

We recognize that the waiver rule (failure to raise issues in trial or reviewing courts) has been ignored by reviewing courts in civil cases when necessary to obtain a just result and for maintenance of a sound and uniform body of precedent. See *American Federation of State, County & Municipal Employees, Council 31 v. County of Cook* (1991), 145 Ill. 2d 475, 480; *Hux v. Raben* (1967), 38 Ill. 2d 223, 224-

25; *Tyrrell v. Municipal Employees Annuity & Benefit Fund* (1975), 32 Ill. App. 3d 91, 98.

Additionally, our attention has not been called to any case law precedent wherein a reviewing court has, in a criminal case, reversed the decision of a trial court by independently utilizing a legal theory not raised by either party in either the trial or appellate court. This is not to say that nowhere in the future lurks a fact pattern which would justify application of the *Hux* principles to a criminal case in this context.

The trial court's rulings of the motions to suppress are affirmed.

Affirmed.

JUSTICE WOODWARD, specially concurring:

I specifically concur with the result reached in Judge Bowman's opinion. Neither the State nor the defendant raised the issue that this case involved a search incident to arrest. Since the State failed to explain and justify the search of the glove box as a search incident to arrest in the trial court, this theory has been waived for the purpose of this appeal.

I would agree with the dissent of Judge Unverzagt except that the waiver rule applies to these facts as pointed out by the last three paragraphs of Judge Bowman's decision. There is no compelling reason not to apply this rule and, therefore, the decision of the trial court is affirmed.

JUSTICE UNVERZAGT, dissenting:

I respectfully dissent from the opinion of the majority which affirms the trial court's judgment suppressing evidence of cocaine found in the glove compartment of the vehicle in which defendants were driver and passenger.

The initial stop is not in dispute as defendant agreed it was as a result of the police officers' observation of a burned-out license plate light. Upon their approach to the vehicle, the police officers observed open liquor in plain view on both the floor of the backseat and the floor on the driver's side of the vehicle. The driver of the vehicle was then determined to be a minor in possession of alcohol. The occupants of the vehicle were ordered out and eventually they were arrested.

The majority determines that the police exceeded the scope of a permissible search and affirms the judgment below. The majority determines that since the defendants were minors, the police had probable cause to search for open or closed alcohol containers. The majority

stated that the police were mistaken in their belief that once they found open liquor in the vehicle, the police had probable cause to search for any type of contraband.

The majority and the trial court are simply wrong in their opinions.

When Officer Green approached the vehicle he observed the glove compartment door open and therein he observed a 35-mm black and gray film container in the glove compartment, as well as "odds and ends, papers." He also observed the open liquor in the front seat and backseat. Officer Green observed defendant Wiest was rummaging through the glove compartment. Officer Green's perception of defendant Wiest's activities was that Wiest was trying to conceal or hide items.

Based on his prior experience in drug-related cases, Officer Green was suspicious that the film container contained illicit drugs.

The glove compartment had been closed by Wiest. Officer Green reopened the glove compartment and opened the suspicious film container, which did not contain film but rather some sort of pills. Officer Green found a clear plastic baggie containing cocaine in the glove compartment.

It seems to me the officer's search of the glove compartment was proper in view of the discovery of open liquor and his suspicions with regard to the film case. The fact that pills were in the case, rather than film, would prompt them to observe further the items in the glove compartment. The officers exercised good common sense in the scope of the search and did not offend any of defendant's rights.

*People v. Penny* (1989), 188 Ill. App. 3d 499, relied upon by the trial court and the majority, is distinguishable. The type of container there was a package wrapped in a brown opaque plastic material. Here, the clear plastic baggie containing a white powdery substance was found in the glove compartment. It field tested positive for cocaine. By its very appearance it was obvious to the police it contained an illegal substance. Thus the film container argument is nothing but a red herring. The clear plastic baggie was obvious to the officer and he had the right to seize it. It should not have been suppressed. The search here was incident to a lawful arrest of the defendants for the open liquor violation. A search incident to a lawful arrest is a traditional exception to the warrant requirement of the fourth amendment. (*United States v. Robinson* (1973), 414 U.S. 218, 224, 38 L. Ed. 2d 427, 434, 94 S. Ct. 467, 471.) Such searches are considered valid because of the need to remove weapons that the arrestee may attempt to use in order to resist arrest or effect an escape, as well as the need

to prevent destruction of evidence at the scene of an arrest. (*New York v. Belton* (1981), 453 U.S. 454, 69 L. Ed. 2d 768, 101 S. Ct. 2860.) When the police have made a lawful, custodial arrest of the occupant of an automobile, they may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile. (*People v. Kalivas* (1991), 207 Ill. App. 3d 415, 417.) The supreme court in *Belton* expressly included a search of any closed or open glove compartments or other receptacles or containers found within the passenger compartment. *People v. Loftus* (1983), 111 Ill. App. 3d 978, 982.

In my view the search of the glove compartment was properly made incident to the arrest of defendants. The cocaine found therein should not be suppressed.

I therefore dissent.