THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
BRIAN BAILEY, Defendant-Appellee.

Second District   No. 2—91—0261

Opinion filed July 23, 1993.

James E. Ryan, State's Attorney, of Wheaton (Barbara A. Preiner, As-
sistant State's Attorney, and William L. Browers and Cynthia N. Schneider,
both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the
People.

G. Joseph Weller and Paul J. Glaser, both of State Appellate Defender's
Office, of Elgin, for appellee.

JUSTICE McLAREN delivered the opinion of the court:
In December 1989, defendant, Brian Bailey, was indicted for the
offense of unlawful possession of a controlled substance, that is,
less than 15 grams of a substance containing cocaine (Ill. Rev. Stat.
1987, ch. 56½, par. 1402(b) (now 720 ILCS 570/402(c) (West 1992))).

The trial court granted defendant's motion to suppress evidence found during the search of the passenger compartment of his automobile subsequent to his custodial arrest for driving while his license was suspended; this latter offense is a Class A misdemeanor (Ill. Rev. Stat. 1987, ch. 95½, par. 6—303(a) (now 625 ILCS 5/6—303(a) (West 1992))).

The State's motion to reconsider the ruling was denied on February 8, 1991. On March 4, 1991, the State timely appealed and filed a certificate of impairment. (See *People v. Young* (1980), 82 Ill. 2d 234, 247; 134 Ill. 2d R. 604(a)(1).) The State contends that the trial court's order granting defendant's motion to suppress was manifestly erroneous (see *People v. Redd* (1990), 135 Ill. 2d 252, 289) because the search was constitutionally reasonable and needed no further justification as it was a search incident to a full custodial arrest under the broad rule of *New York v. Belton* (1981), 453 U.S. 454, 69 L. Ed. 2d 768, 101 S. Ct. 2860. We agree, and we reverse.

The facts are essentially undisputed. At the suppression hearing, Officer James Nehls of the Village of Downers Grove testified that he stopped defendant's vehicle on August 27, 1989, because there was no front license plate on the vehicle. Nehls observed no other criminal behavior and had no reason to believe defendant was armed and dangerous prior to stopping him. When Nehls asked defendant if he had a driver's license, defendant produced only an identification card. At the scene, Nehls ran a computer check of defendant's name and determined that his driving privilege was suspended. He informed defendant that he was under arrest for driving with a suspended license. Nehls handcuffed defendant, searched him, and placed him in the back of the squad car.

At this point, Nehls asked the four passengers to step out of the vehicle. He then briefly searched the interior of the vehicle, including the glove compartment, where he found a red plastic container in which there was a spoon, razor blades, and a scale. Nehls seized these items. He found no weapons. After checking the license of a passenger, Nehls permitted the passenger to drive defendant's vehicle. Nehls took defendant to the police station where he was subsequently released on bond.

Defendant argued that the officer had no reasonable basis to search the vehicle after defendant was placed under arrest merely for a traffic violation. The State argued the *Belton* test permitted the search of the vehicle as an incident of a full, custodial arrest. The trial court found the initial stop and arrest of defendant lawful. These findings are not contested. However, the trial court also

found that the search of the motor vehicle was improper where there was no search warrant. The court stated that there was "no factual basis to search the motor vehicle." The court noted that there was no inventory search, a passenger was allowed to drive the vehicle, and no exigency existed. The court thereupon granted defendant's motion to suppress.

On appeal, the State again argues that, since defendant was lawfully placed under custodial arrest, the officer was permitted to search the interior of defendant's vehicle without further justification under the bright-line ruling of *Belton.* In addition to *Belton,* the State relies also on *United States v. Robinson* (1973), 414 U.S. 218, 38 L. Ed. 2d 427, 94 S. Ct. 467 (where officer made lawful custodial arrest of defendant for driving while his license was revoked, full search of the person incident to the arrest requires no additional justification such as to disarm or discover evidence and is reasonable under the fourth amendment), and *Gustafson v. Florida* (1973), 414 U.S. 260, 38 L. Ed. 2d 456, 94 S. Ct. 488 (result similar to *Robinson*).

In *Belton,* the United States Supreme Court held that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile. (*Belton,* 453 U.S. at 460, 69 L. Ed. 2d at 775, 101 S. Ct. at 2864.) In a custodial arrest situation for a traffic violation, at least two Illinois decisions have interpreted *Belton* to permit expressly the search of the automobile passenger compartment including the glove compartment and any containers found within the passenger compartment. *People v. Kalivas* (1991), 207 Ill. App. 3d 415, 417; *People v. Grigsby* (1982), 111 Ill. App. 3d 38, 43.

■■ Our supreme court has observed that *Belton* extended *Robinson* when *Belton* held that, incident to a lawful custodial arrest, all containers within defendant's immediate control could also be searched regardless of the likelihood that a weapon or evidence of criminal conduct would be found. (*People v. Hoskins* (1984), 101 Ill. 2d 209, 217.) In *Kalivas,* the court noted that it is of no importance that the container holds neither a weapon nor evidence of the criminal conduct for which the suspect was arrested. (*Kalivas,* 207 Ill. App. 3d at 417.) Neither is such a search impermissible merely because the defendant is handcuffed and placed in the backseat of a squad car and is no longer within reach of the interior of the vehicle being searched. (*Kalivas,* 207 Ill. App. 3d at 418; see *People v. Loftus* (1983), 111 Ill. App. 3d 978, 982-83.) Thus, Illinois decisions

have established that, as a contemporaneous incident of a lawful custodial arrest, all containers within the area into which an arrestee might reach can be searched regardless of the likelihood that a weapon or evidence of criminal conduct will be found—even where the container has come into the exclusive control of the police. See *People v. Perry* (1990), 204 Ill. App. 3d 782, 788.

■ Citing *People v. Penny* (1989), 188 Ill. App. 3d 499, defendant argues that stopping a vehicle for a "minor" traffic violation does not, by itself, justify a search of the detainee's person or vehicle and that, to justify the search, the officer must reasonably believe that he is confronting a situation more serious than a routine traffic violation. However, *Penny* did not involve a search following a full custodial arrest of the defendant and is therefore inapplicable. The principles discussed there apply to situations where the officer must have probable cause or a reasonable and articulable suspicion of criminal activity to conduct a warrantless search of a vehicle. (*Penny*, 188 Ill. App. 3d at 502.) Inapplicable too is defendant's reliance on *People v. Anderson* (1988), 176 Ill. App. 3d 348, where this court affirmed the trial court's ruling suppressing the results of a search of a vehicle and found the search unjustified because the officer had no reason to fear for his safety when he searched the vehicle after he issued a traffic citation but did not place the defendant in custodial arrest.

Although defendant argues in good faith that the broad *Belton* rule should not be applied to custodial arrests for "minor" traffic violations in Illinois, he cites no relevant and binding authority why this court should make such a ruling. *Robinson, Kalivas, Perry,* and *Grigsby* all appear to have concerned lawful custodial arrests for nonfelony traffic law violations. It is the fact of lawful arrest which establishes the authority to search, and not the nature of the offense itself. (See *Robinson*, 414 U.S. at 234-35, 38 L. Ed. 2d at 440-41, 94 S. Ct. at 476-77.) Although defendant argues that a narrower rule would prevent pretextual arrests resulting in unjustified searches, there is no support in the record that the arrest in this case was a pretext to support an unreasonable search. Neither has defendant argued that the Illinois Constitution should require a narrower rule.

Pursuant to our review of the applicable law as it now exists in Illinois, we conclude that the search of the interior of the defendant's passenger compartment was permissible under the United States Constitution. The trial court's order of suppression must

therefore be reversed and the cause remanded for further proceedings.

The judgment of the circuit court of Du Page County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

GEIGER and QUETSCH, JJ., concur.