(No. 75994.—

(No. 76036.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. BRIAN BAILEY, Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JAMES WIEST *et al.*, Appellees.

*Opinion filed August 4, 1994.*

G. Joseph Weller, Deputy Defender, and Paul J. Glaser, Assistant Defender, of the Office of the State Appellate Defender, of Elgin, for appellant.

Roland W. Burris, Attorney General, of Springfield, and James E. Ryan, State's Attorney, of Wheaton (Norbert J. Goetten, William L. Browers, Gregory L. Slovacek and Cynthia N. Schneider, of the Office of the State's Attorneys Appellate Prosecutor, of Elgin, of counsel), for the People.

Roland W. Burris, Attorney General, of Springfield, and Charles W. Roddick, State's Attorney, of Galena (Norbert J. Goetten, William L. Browers and Gregory L. Slovacek, of the Office of the State's Attorneys Appellate Prosecutor, of Elgin, of counsel), for the People.

G. Joseph Weller, Deputy Defender, and Paul J. Glaser, Assistant Defender, of the Office of the State Appellate Defender, of Elgin, for appellee James R. Wiest.

Philip F. Jensen and David C. Rashid, of Galena, for appellee Daniel J. Mausser.

JUSTICE FREEMAN delivered the opinion of the court:

At issue is whether the automobile search in each of

these two consolidated appeals was a valid search incident to arrest pursuant to *New York v. Belton* (1981), 453 U.S. 454, 69 L. Ed. 2d 768, 101 S. Ct. 2860. We uphold the search in each case.

## BACKGROUND

In cause No. 75994, a Downers Grove police officer stopped an automobile driven by defendant, Brian Bailey, containing four additional passengers. The officer stopped the car because it did not have a front license plate. Prior to stopping defendant, the officer did not observe any other criminal behavior and had no reason to believe that defendant was armed or dangerous.

The officer determined that defendant's driver's license had been suspended and arrested defendant for that offense. The officer handcuffed and searched defendant, and placed defendant in the back of the officer's squad car. The officer then asked the four passengers to step out of the automobile. The officer searched the interior of the vehicle. In the glove compartment, he found and seized a container in which there was drug paraphernalia.

Defendant was indicted for possessing less than 15 grams of a substance containing cocaine. (Ill. Rev. Stat. 1987, ch. 56$^1$/$_2$, par. 1402(b).) The circuit court of Du Page County granted defendant's motion to suppress the evidence found during the search. The trial court found that there was no search warrant, no factual basis for searching the vehicle, no inventory search, and no exigency.

The State appealed. (134 Ill. 2d R. 604(a)(1); *People v. Carlton* (1983), 98 Ill. 2d 187.) The appellate court reversed, concluding that the search of the interior of the automobile was constitutionally permissible. 247 Ill. App. 3d 611.

In cause No. 76036, Galena police officers Evelyn Keleher and Kevin Green stopped an automobile driven

by defendant, Daniel Mausser. Codefendant James Wiest sat in the front passenger seat and a third codefendant, whose case was eventually dismissed, sat in the backseat. The officers stopped the car solely because of a burned-out license plate light. They did not notice anything else unusual about the car.

At defendants' car, Officer Green saw defendant Wiest rummaging through the glove compartment. Before Wiest closed the glove compartment, Officer Green saw therein a 35 millimeter film container. Officer Green then noticed an open can of beer on the floor of the backseat. At that point, since Mausser was a minor in possession of alcohol, the officers ordered defendants and the backseat passenger out of the automobile and searched the car's interior. The officers found one partially full can of beer, five full cans, and six empty cans. In the glove compartment, Officer Green found a clear plastic bag containing a white powdery substance that field-tested positive for cocaine. A subsequent inventory search of the automobile at the police station revealed a visor mirror and a plastic card under the driver's seat. Both of those items had a white powdery residue that field-tested positive for cocaine.

Defendants were each arrested for drug possession and charged with several drug offenses. After a preliminary hearing in the circuit court of Jo Daviess County, the charge that remained against each defendant was one count of possessing less than 15 grams of a substance containing cocaine. (Ill. Rev. Stat. 1989, ch. 56$^1$/$_2$, par. 1402(b).) The trial court subsequently granted defendants' motions to suppress the evidence gathered after the opening of the film container. The court apparently found that the police lacked probable cause to open the container.

The State appealed. The appellate court affirmed with one justice specially concurring and one justice dissenting. 246 Ill. App. 3d 96.

We granted leave to appeal in these two cases (134 Ill. 2d R. 315(a)) and consolidated them for review. In cause No. 75994, we affirm the appellate court. In cause No. 76036, we reverse the appellate court.

## DISCUSSION

The controlling legal principles are quite settled. The fourth amendment to the United States Constitution does not prohibit all State-initiated searches and seizures; it prohibits only those that are unreasonable. (*Florida v. Jimeno* (1991), 500 U.S. 248, 250, 114 L. Ed. 2d 297, 302, 111 S. Ct. 1801, 1803.) A warrantless search is *per se* unreasonable. However, a warrantless search may be considered reasonable if it falls within a specific exception. *Coolidge v. New Hampshire* (1971), 403 U.S. 443, 454-55, 29 L. Ed. 2d 564, 576, 91 S. Ct. 2022, 2032, quoting *Katz v. United States* (1967), 389 U.S. 347, 357, 19 L. Ed. 2d 576, 585, 88 S. Ct. 507, 514.

A search incident to a lawful arrest is a traditional exception to the warrant requirement of the fourth amendment. Indeed, such a search is considered reasonable under the fourth amendment. (*United States v. Robinson* (1973), 414 U.S. 218, 224-26, 38 L. Ed. 2d 427, 434-36, 94 S. Ct. 467, 471-73.) It is reasonable for police to search the arrestee for weapons that the arrestee could use to resist arrest or escape, or for evidence that the arrestee could conceal or destroy. The search is restricted to the person of the arrestee and any area into which the arrestee can reach. *Chimel v. California* (1969), 395 U.S. 752, 762-63, 23 L. Ed. 2d 685, 694, 89 S. Ct. 2034, 2040.

In *New York v. Belton* (1981), 453 U.S. 454, 69 L. Ed. 2d 768, 101 S. Ct. 2860, the United States Supreme Court applied these principles to an automobile search incident to arrest. In reaching its holding, the Court in *Belton* "remarked upon the desirability of a rule under which police could in most instances reach a correct de-

termination beforehand, and the undesirability of litigation in every case over the existence of supporting reasons." (*United States v. Karlin* (7th Cir. 1988), 852 F.2d 968, 970; see *Belton*, 453 U.S. at 458-60, 69 L. Ed. 2d at 773-75, 101 S. Ct. at 2863-64.) Pursuant to that goal, the Court held:

> "Accordingly, we hold that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.
>
> It follows from this conclusion that the police may also examine the contents of any containers found within the passenger compartment, for if the passenger compartment is within reach of the arrestee, so also will containers in it be within his reach." *Belton*, 453 U.S. at 460, 69 L. Ed. 2d at 775, 101 S. Ct. at 2864.

Although a search incident to arrest is based on the need to disarm and discover evidence, the authority to search does not depend on the probability in a particular case that weapons would in fact be found or evidence would in fact be destroyed. " 'A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; *that intrusion being lawful, a search incident to the arrest requires no additional justification.*' " (Emphasis added.) *Belton*, 453 U.S. at 461, 69 L. Ed. 2d at 775-76, 101 S. Ct. at 2864, quoting *Robinson*, 414 U.S. at 235, 38 L. Ed. 2d at 440-41, 94 S. Ct. at 477.

In other words:

> "The rule as thus stated does not require the arresting officer to undergo a detailed analysis, at the time of arrest, of whether the arrestee, handcuffed or not, could reach into the car to seize some item within it, either as a weapon or to destroy evidence, or for some altogether different reason. The facts surrounding each arrest are unique and it is not by any means inconceivable under those various possibilities that an arrestee could gain control of some item within the automobile. The law simply does not require the arresting officer to mentally

sift through all these possibilities during an arrest, before deciding whether he may lawfully search within the vehicle." *United States v. Cotton* (10th Cir. 1985), 751 F.2d 1146, 1148 (explaining *Belton*).

In cause No. 75994, the appellate court correctly applied these principles to reverse the trial court's suppression order. Defendant Bailey attempts to distinguish this case from *Belton*. He argues that there was no "factual basis" for the search.

This factual-justification argument lacks merit. An analysis that justifies an automobile search incident to arrest based on its particular facts would frustrate the Court's above-stated goals. See *Karlin*, 852 F.2d at 970; *Cotton*, 751 F.2d at 1148.

Specifically, the circumstances to which defendant points do not invalidate the search. Defendant notes that the police officer in *Belton* arrested that defendant based on the officer's smelling burnt marijuana and seeing in plain view an envelope that the officer suspected contained marijuana. (*Belton*, 453 U.S. at 455-56, 69 L. Ed. 2d at 772, 101 S. Ct. at 2861-62.) In this case, defendant notes, the officer suspected defendant only of committing a minor traffic offense. Thus, defendant argues, the search was not incident to his arrest "*for the license violation.*" (Emphasis added.)

However, it is settled that "*Belton* \*\*\* justifies a search of a vehicle incident to arrest without regard to the nature of the offense supporting the arrest." (*United States v. Arango* (7th Cir. 1989), 879 F.2d 1501, 1506.) Specifically, the validity of a *Belton* search is "not affected by the circumstance that defendant's arrest was for a motor vehicle offense." (*State v. Grass* (1991), 250 N.J. Super. 74, 78, 593 A.2d 379, 381 (collecting cases); accord *United States v. Hope* (7th Cir. 1990), 906 F.2d 254, 258.) The appellate court correctly rejected this argument. 247 Ill. App. 3d at 614.

Pursuing this factual-justification argument, defen-

dant also notes that he was handcuffed and sitting in the back of the officer's squad car. Thus, defendant reasons, there was no danger that he could reach weapons or evidence.

However, it is equally settled that the validity of a *Belton* search "is not affected by the circumstance that defendant no longer had effective access to his vehicle when the search was conducted." (*Grass*, 250 N.J. Super. at 77-78, 593 A.2d at 381 (collecting cases); accord *Karlin*, 852 F.2d at 970-72; *People v. Kalivas* (1991), 207 Ill. App. 3d 415, 417-18.) The appellate court correctly rejected this argument. (247 Ill. App. 3d at 613.) We affirm the appellate court in this case.

In cause No. 76036, the justice who authored the majority opinion and the specially concurring justice agreed with the dissenting justice that the automobile search was a valid search incident to arrest. However, the majority noted that neither the State nor defendants raised this theory in either the trial or appellate court. Thus, the majority concluded that this theory had been waived for review. 246 Ill. App. 3d at 102-03.

"The waiver rule is one of administrative convenience rather than jurisdiction ***." (*People v. Smith* (1985), 106 Ill. 2d 327, 333.) The goals of obtaining a just result and maintaining a sound body of precedent may sometimes override considerations of waiver. *People v. Wilson* (1993), 155 Ill. 2d 374, 379; *Hux v. Raben* (1967), 38 Ill. 2d 223, 224-25 (citing this court's Rule 615).

This is such a case. After carefully reviewing the record, we uphold the automobile search as a valid search incident to arrest. Upon seeing the open can of beer in the automobile, the officers had probable cause to arrest defendants Mausser and Wiest. Further, the officers were authorized to arrest defendants for that offense. (Ill. Rev. Stat. 1989, ch. 43, par. 134a.) Thus, the automobile search incident to arrest was legal. (See

*Hope*, 906 F.2d at 258.) The search was not limited substantively to liquor, but rather was limited spatially to the interior of the automobile, including any containers found therein. (See *Arango*, 879 F.2d at 1504-06; *People v. Loftus* (1983), 111 Ill. App. 3d 978, 982-83.) We reverse the trial and appellate courts in this case.

For the foregoing reasons, the judgment of the appellate court in cause No. 75994 is affirmed; the judgments of the appellate and circuit courts in cause No. 76036 are reversed, and the cause remanded to the circuit court of Jo Daviess County for further proceedings.

*No. 75994—Affirmed.*
*No. 76036—Appellate court reversed;*
*circuit court reversed;*
*cause remanded.*