THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ENRIQUE TREJO, Defendant-Appellee.

Second District    No. 2—98—1537

Opinion filed March 1, 2000.

Joseph E. Birkett, State's Attorney, of Wheaton (Margaret M. Healy, Assistant State's Attorney, and Martin P. Moltz, and Gregory L. Slovacek, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Marc D. Berlin, of Chicago, for appellee.

JUSTICE GEIGER delivered the opinion of the court:

The State appeals the circuit court's order that granted the motion of the defendant, Enrique Trejo, to suppress evidence. The State contends that the court erred in suppressing a gun found in the defendant's car where the search was conducted pursuant to the defendant's arrest.

On July 17, 1998, West Chicago police officer Eric Shipman received a call on his police radio from another officer requesting that he stop a certain vehicle for violating the sound amplification law. See 625 ILCS 5/12—611 (West 1998). Shipman spotted the car and pulled it over. He recognized the car as defendant's because it had been used in a drive-by shooting about a year earlier.

Shipman ran a license check on defendant, and the dispatcher told Shipman that there was a warrant for the defendant's arrest. Shipman placed defendant under arrest. Another occupant of the car was asked to get out and Shipman searched the car. He noticed that the seat cushion felt much looser than it should have been, as though it had been removed or was not bolted back properly. It was "very loose" and "moveable" to the extent that a hand could reach back there. Shipman thought there might be a weapon there because one had been stored there before. In the previous shooting incident, a gun had been found between the seat cushion and the trunk liner of the defendant's car.

Shipman testified that he was reluctant to reach behind the seat because he did not know in what direction the weapon was facing. He testified that drug smugglers and gang members sometimes booby-trap weapons to kill police officers. Shipman then opened the trunk, pulled back the trunk liner, and retrieved a gun from the space behind the backseat.

The defendant was charged with the unlawful possession of a weapon by a felon (720 ILCS 5/24—1.1(a) (West 1998)). He moved to suppress the gun, arguing that a search of an automobile incident to a passenger's arrest does not permit the police to search the trunk. The trial court granted the motion and the State appeals.

The State argues that the court erred in suppressing the gun. According to the State, the gun was located in the car's passenger compartment, which is within the scope of a search incident to arrest, and that the officer went through the trunk merely to reach the gun safely.

In *New York v. Belton*, 453 U.S. 454, 69 L. Ed. 2d 768, 101 S. Ct. 2860 (1981), the Supreme Court held that after making a lawful, custodial arrest of an occupant of an automobile, a police officer may search the car's passenger compartment. *Belton*, 453 U.S. at 460, 69 L. Ed. 2d at 775, 101 S. Ct. at 2864. The court made clear that its holding applies only to the interior of the passenger compartment and "does not encompass the trunk." *Belton*, 453 U.S. at 460 n.4, 69 L. Ed. 2d at 775 n.4, 101 S. Ct. at 2864 n.4.

The court emphasized its desire to create a bright-line rule covering such situations, remarking that " '[a] single, familiar standard is essential to guide police officers.' " *Belton*, 453 U.S. at 458, 69 L. Ed. 2d at 774, 101 S. Ct. at 2863, quoting *Dunaway v. New York*, 442 U.S. 200, 213-14, 60 L. Ed. 2d 824, 836, 99 S. Ct. 2248, 2257 (1979). In discussing *Belton*, the Illinois Supreme Court also commented on " 'the desirability of a rule under which police could in most instances reach a correct determination beforehand.' " *People v. Bailey*, 159 Ill.

2d 498, 503-04 (1994), quoting *United States v. Karlin*, 852 F.2d 968, 970 (7th Cir. 1988).

■ In suppressing the evidence at issue, the trial court concluded that the search represented an unwarranted extension of the *Belton* rule, which expressly excludes the trunk from the scope of a search incident to arrest. The court observed that other means were available to search the area behind the seat, such as pulling the seat forward and shining a flashlight in the area behind it.

Upholding the search here would not only expand the *Belton* rule but also would blur the bright line that *Belton* sought to create. *Belton* drew a clear distinction between the passenger compartment and the trunk. To hold that an officer may sometimes open the trunk would create precisely the sort of uncertainty *Belton* sought to avoid.

The cases the State cites are distinguishable. Although they involved similar types of spaces, there is no indication in those cases that the police accessed those areas through the trunk. *United States v. Veras*, 51 F.3d 1365 (7th Cir. 1995), for example, involved an area very similar to that at issue here. However, it does not appear that the officers searched that area by way of the trunk.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

INGLIS and THOMAS, JJ., concur.