No. 3--00--0524

_________________________________________________________________

 IN THE

 APPELLATE COURT OF ILLINOIS

 THIRD DISTRICT

 A.D., 2001 

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of the 9th Judicial Circuit,

 ) Knox County, Illinois

Plaintiff-Appellant, ) 

 )

v. ) No. 99--CF--459

 ) 

SYLVAN WITHER, ) Honorable

                                ) Stephen C. Mathers

Defendant-Appellee. ) Judge, Presiding

_________________________________________________________________

JUSTICE HOLDRIDGE delivered the Opinion of the Court:

_________________________________________________________________

The defendant, Sylvan Wither, was charged with unlawful possession with intent to deliver a controlled substance (720 ILCS 570/401(a)(2)(A) (West 1998)) and unlawful possession of a controlled substance (720 ILCS 570/402(a)(2)(A) (West 1998)).  He filed a motion to suppress alleging that the search of his vehicle incident to his arrest was unlawful.  The trial court granted the defendant's motion, and the State appeals.  We affirm.

FACTS

On October 23, 1999, Officer Robert Nichols, a Galesburg police officer, observed the defendant driving without a rear driver's license illumination light.  Officer Nichols stopped the car and asked the defendant for identification.  The officer discovered that the defendant's license had been suspended.  He arrested the defendant and handcuffed him.  Officer Nichols then patted the defendant down and escorted him to the squad car.  

During the arrest, Officer Dan Hostens arrived on the scene and informed Officer Nichols that he arrested the defendant on two prior occasions for possession of a controlled substance and possession of cannabis.  Based on this information, Officer Nichols called for the canine unit.  Officer Nichols testified that the purpose of requesting the canine unit was to determine whether the defendant had any illegal substances in the vehicle.  Approximately five minutes elapsed before the unit arrived.  The dog searched the compartment of the defendant's car and alerted at the steering column.  The officers removed the steering wheel and recovered a baggie containing a white powdery substance and an off-white chunk substance.  

After considering the evidence presented at the suppression hearing, the trial court ruled that the search exceeded the scope of a lawful search incident to arrest.  The court opined that any pretense of an attempt to make a lawful search incident to arrest vanished when the officers did not search the vehicle contemporaneous to the arrest.  Thus, it concluded that the search was unconstitutional.   

ANALYSIS

On appeal, the State argues that the search of the compartment of the car was a lawful search incident to arrest under 
New York v. Belton
, 453 U.S. 454, 69 L. Ed. 2d 768, 101 S. Ct. 2860 (1981).  As a result, the State concludes that the motion to suppress should have been denied.   

A reviewing court will not reverse a trial court's factual findings on a motion to suppress unless they are manifestly erroneous.  
People v. Perez
, 288 Ill. App. 3d 1037, 681 N.E.2d 173 (1997).  However, a trial court's ultimate determination regarding the reasonableness of a warrantless search is subject to a 
de
 
novo
 review.  
Ornelas v. United States
, 517 U.S. 690, 134 L. Ed. 2d 911, 166 S. Ct. 1657 (1996).  

Generally, a warrantless search or seizure is 
per
 
se
 unreasonable unless it comes within one of the few recognized and limited exceptions.  
Coolidge v. New Hampshire
, 403 U.S. 443, 29 L. Ed. 2d 564, 91 S. Ct. 2022 (1971).  One such exception is a search incident to a lawful arrest.  
United States v. Robinson
, 414 U.S. 218, 38 L. Ed. 2d 427, 94 S. Ct. 467 (1973).  A search incident to arrest is lawful because of the need to remove any weapons that might be within the defendant's immediate control and the need to prevent the destruction or concealment of evidence.  
Chimel v. California
, 395 U.S. 752, 23 L. Ed. 2d 685, 89 S. Ct. 2034 (1969).  These principles apply equally to searches of an automobile.  See 
People v. Bailey
, 159 Ill. 2d 498, 639 N.E.2d 1278 (1994).  Thus, when an officer has made a "lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile."  
New York v. Belton
, 453 U.S. 454, 460, 69 L. Ed. 2d 768, 775, 101 S. Ct. 2860, 2864 (1981).

Here, the defendant does not challenge the lawfulness of the officer's stop or the arrest that followed.  Given the lawfulness of the arrest, it was, as a matter of course, permissible for Nichols to search the defendant's vehicle immediately following the defendant's arrest.  See 
Belton
, 453 U.S. 454, 69 L. Ed. 2d 768, 101 S. Ct. 2860; 
Bailey
, 159 Ill. 2d 498, 639 N.E.2d 1278.  Such a search would have been reasonable based upon a need to disarm or to preserve evidence.  However, Nichols did not search defendant's vehicle contemporaneous to his arrest.  Instead, he placed the defendant in the squad car and waited for the canine unit to arrive.  Five minutes later, the canine unit searched the automobile compartment for the specific purpose of detecting an illegal substance.  The search cannot be viewed as incidental to the arrest or justified by any exigent circumstance.  Accordingly, the trial court's denial of the motion to suppress was proper.          

 The judgment of the circuit court of Knox County is affirmed.

Affirmed.

McDADE, J., concurs.

PRESIDING JUSTICE HOMER, specially concurring:

I agree with the majority that the trial court properly suppressed the evidence found by the officers upon removing the steering wheel of defendant's car.  The search which occurred was not contemporaneous to the arrest and was thus not justified under the 
Belton
 exception.  However, to the extent that the majority's opinion may be read as holding that the instant search would have been a lawful 
Belton
 search if it had simply occurred immediately following defendant's arrest, I must disagree.  

The law is clear that, although an officer may search the passenger compartment of a vehicle and any containers therein without a warrant during an automobile search incident to an arrest, "the exemption does not extend to dismantling portions of the vehicle." 
People v. Gonzalez
, 316 Ill. App. 3d 354, 362-63, 736 N.E.2d 157, 164 (2000)(quoting 
United States v. Patterson
, 65 F.3d 68, 71 (7th Cir. 1995)).  In order to remove the steering wheel in this case, it was necessary for the officers to have had probable cause that there were drugs in the steering column. See 
Gonzalez
, 316 Ill. App. 3d at 363, 736 N.E.2d at 164; 
Patterson
, 65 F.3d at 71.  Such probable cause arose from the canine alerting at the steering column.  However, by that point, the search was no longer justified under the 
Belton
 exception.